NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WALTER ESSEX,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2015-3177

---

Petition for review of the Merit Systems Protection Board in No. DA-1221-15-0205-W-1.

---

Decided: December 9, 2015

---

WALTER ESSEX, Sherman, TX, pro se.

LINDSEY SCHRECKENGOST, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before REYNA, SCHALL, and CHEN, *Circuit Judges.*

PER CURIAM.

Mr. Walter Essex appeals from a final order of the

United States Merit Systems Protection Board (the "Board") dismissing his complaint for lack of subject-matter jurisdiction. We affirm.

BACKGROUND

Mr. Essex is an employee at the Sam Rayburn Memorial Veterans Center in Bonham, Texas. He is a disabled veteran with a service-connected disability rating of 50%. In 2012, he applied for a promotion to "Addiction Therapist" at either the seventh or ninth paygrade in the federal General Schedule payscale, but was not selected.

In 2014, Mr. Essex first filed a complaint with the Equal Employment Opportunity Commission and later with the Board. At the Board, he challenged the denial of the promotion to Addiction Therapist on grounds that the hiring authorities failed to take into account his veterans' preference status. He further alleged retaliation against him for engaging in whistleblowing and other protected activities.

On January 28, 2015, an administrative law judge at the Board issued a show-cause order, requesting Mr. Essex to file evidence and argument to establish the Board's jurisdiction. The order advised Mr. Essex that to establish jurisdiction, he must, among other things, demonstrate exhaustion of remedies before the Office of Special Counsel (the "OSC"). On June 11, 2015, the Board issued its final order, dismissing the case for want of subject-matter jurisdiction because Mr. Essex failed to provide evidence that he filed a complaint with the OSC.

Mr. Essex appeals the dismissal of his case. He submits documents in support of his contentions that he proceeded before the Board in a timely fashion and exhausted his remedies. Included are documents associated with the proceedings at the Board, correspondence about

a settlement, and a handwritten letter addressing the appeal. Mr. Essex also raises for the first time claims concerning various civil rights violations.

We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). The petitioner bears the burden of establishing error in the Board's decision. *Vassallo v. Dep't of Def.*, 797 F.3d 1327, 1330 (Fed. Cir. 2015).

The Board's jurisdiction is limited by statute. 5 U.S.C. § 7701(a)(1). The aggrieved employee has the burden of establishing the Board's jurisdiction by a preponderance of the evidence, and the Board's jurisdiction is a question of law that we review de novo. *Miller v. Merit Sys. Prot. Bd.*, No. 2015-3054, 2015 U.S. App. LEXIS 13712, at *10 (Fed. Cir. Aug. 6, 2015) (citations omitted).

We find no error in the Board's decision. Under the Whistleblower Protection Act, an aggrieved employee must first file an individual rights action with the OSC. 5 U.S.C. § 1214(a)(3). The employee has the burden of showing that he exhausted his remedies with the OSC before seeking review by the Board. *Briley v. Nat'l Archives & Records Admin.*, 236 F.3d 1373, 1377-78 (Fed. Cir. 2001).

Mr. Essex failed to meet his burden of establishing that he had exhausted his administrative remedies. In his letter addressing his appeal, Mr. Essex cites "schemes, lies, and manipulations" because, among other things, the Board is "not quite sure what they are processing." Mr. Essex purports to attach a letter from the OSC appeal that acknowledges he exhausted his remedies and directs

him to further appeal to the Board. Nothing in the record, however, establishes that a complaint was filed with the OSC. Without evidence that Mr. Essex submitted a complaint with the OSC, the Board lacks jurisdiction to adjudicate Mr. Essex's claims. 5 U.S.C. § 1214(a)(3).

CONCLUSION

Because the Board properly dismissed Mr. Essex's complaint for lack of jurisdiction, we *affirm*.

**AFFIRMED**

COSTS

No costs.